1  JOSE R. GARAY, ESQ., SBN 200494
2  JGARAY@GARAYLAW.COM
   **JOSE GARAY, APLC**
3  9861 Irvine Center Drive
4  Irvine, CA 92618
   T: (949) 208-3400
5  F: (949) 713-0432

6
   Attorneys for Plaintiffs, JOSEPH TERRAS, AND BOBBY TYLER, on behalf of
7  themselves and all others similarly situated,

8              **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10                **SACRAMENTO DIVISION**

11  JOSEPH TERRAS, and BOBBY | Case No.:
    TYLER, as individual California |
12  residents, on behalf of themselves and all | **1. Failure to Pay Overtime Under the**
    others similarly situated, | **FLSA (29 U.S.C. § 207);**
13  | **2. Failure to Pay Regular and**
14           Plaintiffs, | **Overtime Wages (Lab. Code §§**
    | **510,1194);**
15      vs. | **3. Failure to Provide Meal Periods or**
    | **Compensation in Lieu of (Lab. Code**
16  TRINITY RIVER LUMBER | **§§ 226.7, 512);**
17  COMPANY, a California corporation; | **4. Failure to Provide Rest Periods or**
    and DOES 1 through 100, inclusive, | **Compensation in Lieu of (Lab. Code §**
18  | **226.7);**
19           Defendant. | **5. Knowing and Intentional Failure to**
    | **Comply With Itemized Employee**
20  | **Wage Statement Provisions;**
21  | **6. Failure to Reimburse for Business**
    | **Expenses (Labor Code § 2802);**
22  | **7. Failure to Pay Wages at**
23  | **Termination (Lab. Code, §§ 201-203);**
    | **and**
24  | **8. Violations of Unfair Competition**
25  | **Law (Bus. & Prof. Code, §§ 17200-**
    | **17208).**
26
27  | **DEMAND FOR JURY TRIAL**
28

                              -1-
                    CLASS ACTION COMPLAINT

Plaintiffs, JOSEPH TERRAS, and BOBBY TYLER ("Plaintiffs") allege, on behalf of themselves and classes of those similarly situated, as follows:

## INTRODUCTION

1. This is a class action, pursuant to the Federal Rules of Civil Procedure Rule ("FRCP") 23 and California Code of Civil Procedure § 382 by and on behalf of Plaintiffs and all current and former non-exempt employees of TRINITY RIVER LUMBER COMPANY, a California Corporation, and any subsidiaries or affiliated companies ("Defendant(s)" or "TRLC"), within the State of California. The non-exempt employees currently or formerly employed by Defendants within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes," and includes those non-exempt employees who performed or are engaged in lumber mill occupations within the four years prior to the date of the filing of this lawsuit through the date of the final disposition of this action ("Relevant Liability Period").

2. Defendant employed hourly, non-exempt employees who worked at Defendant's lumber mill business, and who were not paid all regular wages, overtime wages, among others, consistent with federal and California law. Further, Defendant continues to employ hourly, non-exempt employees who work at Defendant's lumber mill business, and who are not paid all regular wages, overtime wages, among others, consistent with federal and California law.

## JURISDICTION

3. This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

4. This court has supplemental jurisdiction of all the state law claims under 28 U.S.C. § 1367(a). The state law claims all directly relate to the computation of overtime under the FLSA. That is, Plaintiffs allege that all payments for missed meal and rest breaks should be included in computing the amount of overtime due under the FLSA. In addition, Plaintiffs allege that the failure to pay overtime wages

1  due under the FLSA was willful and thus triggers the California penalties for the

2  willful failure to pay wages upon termination, as well as damages for failure to

3  provide properly itemized employee wage statements and failure to reimburse

4  business expenses.  As such, all the claims make up the same case or controversy

5  under Article III of the United States Constitution.

6                                              **VENUE**

7        5.      This Court is the proper court and this action is properly filed in the

8  County of Trinity and in this judicial district because Defendants do business in the

9  County of Trinity, and because Defendants' obligations and liabilities arise therein,

10  and because the work that was performed by Plaintiffs in the County of Trinity is the

11  subject of this action.

12                                             **PARTIES**

13       **A.    Plaintiffs**

14       6.      Plaintiff JOSEPH TERRAS ("Terras") was employed as a non-exempt

15  lumber mill employee by Defendant from on or about April 27, 2012 through

16  December 26, 2014.  Terras, at all relevant times herein, was and is a resident of

17  Trinity County, California.

18       7.      Plaintiff BOBBY TYLER ("Tyler") was employed as a non-exempt

19  lumber mill employee by Defendant from in or around April 2008 through January

20  27, 2014.  Tyler, at all relevant times herein, was and is a resident of Trinity County,

21  California.

22       **B.    Defendants**

23       8.      Defendant TRINITY RIVER LUMBER COMPANY is a California

24  Corporation doing business in the County of Trinity, State of California.

25       9.      TRLC is a lumber mill business that produces timbers for home center

26  products, and maintains a lumber mill in Weaverville, California and has its

27  corporate headquarters in Weaverville, California.

28       10.     The true names and capacities, whether individual, corporate, associate,

-3-
CLASS ACTION COMPLAINT

1  or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently
2  unknown to Plaintiffs, who therefore sues Defendants by such fictitious names under
3  California Code of Civil Procedure § 474. Plaintiffs are informed and believe, and
4  based thereon allege, that each of the defendants designated herein as a DOE are
5  legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs
6  will seek leave of court to amend this Complaint to reflect the true names and
7  capacities of the defendants designated hereinafter as DOES when such identities
8  become known.

9      11.   Plaintiffs are informed and believe, and thereon allege, that each
10 Defendant acted in all respects pertinent to this action as the agent of the other
11 defendants, carried out a joint scheme, business plan or policy in all respects
12 pertinent hereto, and the acts of each defendant are legally attributable to the other
13 defendants.  Furthermore, Defendants in all respects acted as the employer and/or
14 joint employer of Plaintiffs and the Class Members they seek to represent.  Plaintiffs
15 are informed and believe and thereon allege that at all times relevant to this action,
16 the named Defendant and Defendants DOES 1 through 100 were affiliated and were
17 an integrated enterprise.

18     12.   Plaintiffs are informed and believe, and thereon allege, that at all
19 relevant times, each defendant, directly or indirectly, or through agents or other
20 persons, employed Plaintiffs and the other Class Members, and exercised control
21 over the wages, hours, and working conditions of Plaintiffs and the other Class
22 Members.  Plaintiffs are informed and believe, and thereon allege, that at all relevant
23 times, each Defendant was the principal, agent, partner, joint venturer, officer,
24 director, controlling shareholder, subsidiary, affiliate, parent corporation, successor
25 in interest and/or predecessor in interest of some or all of the other Defendants, and
26 was engaged with some or all of the other Defendants in a joint enterprise for profit,
27 and bore such other relationships to some or all of the other Defendants so as to be
28 liable for their conduct with respect to the matters alleged below. Plaintiffs are

1 informed and believe, and thereon allege, that each defendant acted pursuant to and
2 within the scope of the relationships alleged above, that each defendant knew or
3 should have known about, authorized, ratified, adopted, approved, controlled, aided
4 and abetted the conduct of all other Defendants; and that each Defendant acted
5 pursuant to a conspiracy and agreement to do the things alleged herein.

6                                    **FACTUAL BACKGROUND**

7        13.    Plaintiffs bring this action on behalf of themselves and all others
8 similarly situated as a Class Action pursuant to Rules 23(a), (b)(1), and (b)(3).

9        14.    Plaintiffs and Class Members include former and current TRLC
10 employees, and at all times pertinent hereto, have been non-exempt employees
11 within the meaning of the FLSA, California Labor Code and the implementing rules
12 and regulations of the IWC California Wage Order 16-2001.

13        15.    During the Relevant Time Period, Defendants consistently maintained
14 and enforced against Defendants' non-exempt employees, among others, the
15 following unlawful practices and policies, in violation of the FLSA and California
16 state wage and hour laws:

17              a. Defendants have had a consistent policy of not paying Class
18                 Members one and a half (1.5) times their regular rate of pay for the
19                 overtime hours the Class Members actually worked.

20              b. Defendants have had a consistent policy of requiring Class Members
21                 within the State of California, including Plaintiffs, to work at least
22                 five (5) hours without a lawful meal period and failing to pay such
23                 employees one (1) hour of pay at the employees' regular rate of
24                 compensation for each workday that the meal period is not provided,
25                 all in violation of, among others, Labor Code §§ 226.7, 512, and
26                 Industrial Welfare Commission Wage Order 16-2001, in one or
27                 more of the following manners:

28                    i. employees were required to work through their daily meal

period(s), have their meal period(s) interrupted, truncated, or work an unlawful "on-duty meal period";

ii. employees were severely restricted in their ability to take a meal period;

iii. employees were not allowed to leave the workplace during the alleged meal periods; and

iv. employees were required to "clock out" for a meal period that was not taken by Class Members or permitted by Defendants.

c. Defendants have had a consistent policy of failing to provide Class Members within the State of California, including Plaintiffs, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws, in one or more of the following manners:

i. employees were required to work without being provided a minimum ten minute rest period for every four hours or major fraction thereof worked and were not compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided; and

ii. employees were neither permitted nor authorized to take lawful rest periods.

d. Defendants have had a consistent policy of failing to reimburse Class Members within the State of California, including Plaintiffs, for business expenses.

16. Plaintiffs are informed and believe, and thereon allege, that Defendants currently employ, and during the Relevant Liability Period have employed, hundreds of employees in the State of California in non-exempt positions.

17. At relevant times herein, the named Plaintiffs and the Class Members

1 were employed by Defendants and were paid, on information and belief,
2 predominantly on an hourly basis.

3     18.   Defendants' non-exempt employees spend the majority of their time
4 doing routine, non-discretionary tasks. These duties occupy more than 50% of the
5 work time.

6     19.   On information and belief, Plaintiffs allege that Defendants' actions as
7 described throughout this Complaint were willful.

8     20.   On information and belief, Plaintiffs allege that Defendants willfully
9 failed to pay the legal wages when each such employee quit or was discharged.

10     21.   Plaintiffs, on behalf of themselves and all other Class Members, bring
11 this action pursuant to the FLSA 29 U.S.C. § 207, California Labor Code sections
12 201, 202, 203, 218, 218.6, 221, 226, 226.7, 512, 1194, 1199, 2802, and California
13 Code of Regulations, Title 8, section 11000 et seq., seeking unpaid wages, unpaid
14 rest and meal period compensation, penalties, injunctive, and other equitable relief,
15 and reasonable attorneys' fees and costs.

16     22.   Plaintiffs, on behalf of themselves and all Class Members, pursuant to
17 Business and Professions Code sections 17200-17208, also seek injunctive relief and
18 restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

19     23.   Defendants have made it difficult to account with precision for the
20 unlawfully withheld wages and meal and rest period compensation owed to
21 Defendants' non-exempt employees, including Plaintiffs, during the Relevant
22 Liability Period, because they did not implement and preserve a record-keeping
23 method to record all the unlawful deductions by its employees as required for non-
24 exempt employees by California Labor Code sections 226, 1174(d), and section 7 of
25 the California Wage Orders. Defendants have failed to comply with Labor Code
26 section 226(a) by itemizing in wage statements all deductions from payment of
27 wages and accurately reporting total hours worked by Plaintiffs and the Class
28 Members. Plaintiffs and Class Members are therefore entitled to penalties not to

1 exceed $4,000 for each employee pursuant to Labor Code section 226(b).

2      24.   Defendants have failed to comply with section(s) 2 and/or 4 of the
3 California IWC Wage Orders by failing to maintain time records showing when the
4 employee begins and ends each work period, meal periods, wages earned pursuant to
5 Labor Code section 226.7, and total daily hours worked by itemizing in wage
6 statements all deductions from payment of wages and accurately reporting total hours
7 worked by the Class Members.

8 **CLASS ALLEGATIONS**

9      25.   Plaintiffs bring this action on behalf of themselves and all others
10 similarly situated as a class action pursuant to FRCP Rule 23 and section 382 of the
11 California Code of Civil Procedure. Plaintiffs seek to represent Classes composed of
12 and defined as follows:

    a. All persons who are employed or have been employed by Defendants in the State of California who, during the Relevant Liability Period, have worked as non-exempt, non-unionized employees and were not paid all lawful wages as regular time, overtime, and double regular time.

    b. All persons who are employed or have been employed by Defendants in the State of California who, during the Relevant Liability Period, have worked as non-exempt, non-unionized employees and have not been provided a meal period for every five hours or major fraction thereof worked per day, and were not provided one (1) hour's pay at the employee's regular rate of compensation for each day on which such meal period was not provided.

    c. All persons who are employed or have been employed by Defendants in the State of California who, during the Relevant Liability Period, have worked as non-exempt, non-unionized employees and have not been provided a rest period for every four hours or major fraction thereof worked per day, and were not provided compensation of one (1) hour's pay at the employee's regular rate of compensation for each day on which such rest period was not provided.

26      26.   Plaintiffs reserve the right under Rule 15, to amend or modify the class
27 descriptions with greater specificity or further division into subclasses or limitation
28 to particular issues.

27. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

28. A class action is a superior method for bringing this action in that there is a well-defined community of interest in the questions of law and fact. Questions of law and fact common to the class action include, but are not limited to:

a. What were and are the policies, programs, practices, procedures and protocols of Defendants regarding Class Members' actual work and tasks, and their job duties irrespective of job titles;

b. Whether Plaintiffs and the Class Members are entitled to meal penalty payments for missed meals during the Relevant Liability Period;

c. Whether the amounts of any meal penalty payments need to be included in the regular rate of pay on which overtime is computed;

d. Whether Plaintiffs and the Class Members are entitled to rest penalty payments for missed rest breaks during the Relevant Liability Period;

e. Whether the amounts of any rest penalty payments need to be included in the regular rate of pay on which overtime is computed;

f. Whether Defendant unlawfully failed to pay overtime compensation in violation of FLSA 29 U.S.C. § 207, section 17200 *et seq.* of the Business and Professions Code, Labor Code §§ 510, and 1194 and the applicable Cal. Wage Orders, including section 3 of Order 16-2001 of the IWC Wage Orders, and whether such violations constitute a violation of fundamental public policy;

g. Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for Class Members;

h. Whether Defendants violated California law by their policies,

1  programs, practices, procedures and protocols regarding meal
2  periods for Class Members;

3  i.  Whether Plaintiffs and the Class Members are entitled to equitable
4  relief pursuant to Business and Professions Code section 17200 *et*
5  *seq.*;

6  j.  The proper measure of damages sustained and the proper measure of
7  restitution recoverable by the Class Members;

8  k.  Additional common questions of law and fact may develop as the
9  litigation progresses; and

10  l.  Whether the failure to pay any wages (either overtime or meal
11  premium wages) was willful so as to trigger penalties under Labor
12  Code § 203.

13  29.  Plaintiffs and the Class Members are similarly situated, have
14  substantially similar job duties, have substantially similar pay provisions, and are all
15  subject to Defendant's illegal labor violations.  For example, Defendant instituted a
16  timekeeping procedure that limited the total amount of hours recorded by Plaintiffs
17  and the Class Members, regardless of how many hours were actually worked.  In
18  addition, all of the Class Members were non-exempt employees subject to
19  Defendant's unlawful employment practices, including but not limited to, failing to
20  provide proper off-duty meal and rest periods.  Further, the Class Members all had
21  paycheck stubs that did not accurately reflect the total amount of hours worked,
22  including but not limited to, off-the-clock hours, overtime hours, and hours for meal
23  and rest breaks that were worked through or otherwise not properly provided.

24  30.  The claims of the Plaintiffs are typical of those of the class, and
25  Plaintiffs will fairly and adequately represent the interests of the class.  Plaintiffs
26  have no interest that is adverse to the interests of the other Class Members. Plaintiffs'
27  counsel is competent and experienced in litigating large employment class actions.
28  Plaintiffs were subject to the exact same company policy that denied employees

1 | proper meal and rest breaks, and were non-exempt employees.

2 |     31.   The persons of this class are so numerous that the joinder of all such
3 | persons is impracticable and that disposition of their claims in a class action rather
4 | than in individual actions will benefit the parties and the Court. While the precise
5 | number of proposed class members has not yet been determined, Plaintiffs are
6 | informed and believe that Defendants currently employ, and during the Relevant
7 | Liability Period employed, hundreds of putative class members.

8 |     32.   The prosecution of separate actions by individual members of the Class
9 | would create the risk of inconsistent and varying adjudications, establishing
10 | incompatible standards of conduct for Defendants.

11 |     33.   The questions of law and fact common to the members of the Class
12 | predominate over any questions affecting only individual members, including legal
13 | and factual issues relating to liability and damages. In particular, the issue of
14 | whether the company policy for meal breaks was in compliance with the law is a
15 | single claim that needs to be resolved the same for all Class Members. Similarly, it
16 | is a legal question of whether the Class Members hours worked was properly
17 | included in computing the regular rate of pay on which overtime is based.

18 |     34.   Class action treatment will allow those similarly situated persons to
19 | litigate their claims in the manner that is most efficient and economical for the
20 | parties and the judicial system. Plaintiffs are unaware of any difficulties that are
21 | likely to be encountered in the management of this action that would preclude its
22 | maintenance as a class action.

23 |     35.   In the event that the Court determines at the notice stage or anytime
24 | thereafter that all plaintiffs and members of the class action, are not "similarly
25 | situated," the definition may be modified or narrowed, and/or appropriate subclasses
26 | may be established based on business unit or otherwise.

27 | ### COLLECTIVE ACTION ALLEGATIONS

28 |     36.   Plaintiffs bring the First Cause of Action for violation of the FLSA as a

1  collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on
2  behalf of all persons who are potential members of the Class.

3       37.    The First Cause of Action is for violations of the FLSA.

4       38.    A Collective Action is a superior method for bringing this action in that
5  there is a well-defined community of interest in the questions of law and fact.
6  Questions of law and fact common to the collective action include, but are not
7  limited to:

8            a. Whether Defendant failed and continues to fail to pay overtime
9               compensation in violation of the FLSA, 29 U.S.C. § 201, *et seq.*;

10           b. Whether the policy and practice of failing to pay overtime pay to
11              Operators was willful, within the meaning of the FLSA; and

12           c. Whether Defendant is subject to the provisions of the FLSA.

13      39.    Plaintiffs and the Class Members are similarly situated, have
14  substantially similar job duties, have substantially similar pay provisions, and are all
15  subject to Defendants' refusal to pay proper overtime in violation of the FLSA. The
16  claims of the Plaintiffs are typical of those of the class and Plaintiffs will fairly and
17  adequately represent the interests of the class.

18      40.    The persons of this class are so numerous that the joinder of all such
19  persons is impracticable and that disposition of their claims in a class action rather
20  than in individual actions will benefit the parties and the Court.

21      41.    In the event that the Court determines at the notice stage or anytime
22  thereafter that all Plaintiffs and members of the Class, as defined above, are not
23  "similarly situated," the definition may be modified or narrowed, and/or appropriate
24  subclasses may be established based on business unit or otherwise.

25                    **FIRST CAUSE OF ACTION**

26          **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER**

27                  **29 U.S.C. § 207 AND § 216**

28                    **(Against All Defendants)**

1    42.    Plaintiffs incorporate all previous paragraphs of this Complaint as
2 though fully set forth herein.

3    43.    This cause of action is against all Defendants.

4    44.    Plaintiffs are informed and believe and thereon alleges that Defendants
5 are subject to the provisions of the FLSA.  Under 29 U.S.C. § 207(a) and § 216(b),
6 Plaintiffs are entitled to overtime pay at a rate of one and one-half (1 ½) times the
7 regular rate of  pay for hours worked in excess of forty (40) hours in a week and an
8 equal additional amount as liquidated damages, as well as costs and attorney's fees.

9    45.    Plaintiffs worked numerous weeks in excess of forty (40) hours.

10   46.    Plaintiffs were entitled to the above overtime premiums.

11   47.    Defendants failed to compensate Plaintiffs for any overtime premiums.

12   48.    This court has jurisdiction over this cause of action because the federal
13 statute specifically grants the employees the right to bring the action in "any Federal
14 or State court of competent jurisdiction." 29 U.S.C. § 216(b).

15   49.    Plaintiffs worked at least one week in which overtime premiums were
16 not paid by Defendants under the FLSA within the two (2) years prior to initiating
17 this lawsuit.

18   50.    Plaintiffs' individual employment is covered by the terms of the FLSA.

19   51.    Plaintiffs used equipment on the job that had previously been
20 transported in interstate commerce.

21   52.    Defendants were the employer of Plaintiffs, as the term "employer" is
22 defined in the FLSA.

23   53.    Defendants were an enterprise covered by the provisions of the FLSA
24 for the entire time of Plaintiffs' employment.

25   54.    Defendants conducted business with a total gross sales volume in excess
26 of $500,000 for each and every twelve (12) month period in which Plaintiffs were
27 employed.

28   55.    Defendants employed at least two (2) employees during each and every

1  12 month period in which Plaintiff was employed. These employees were engaged in
2  commerce and regularly used equipment that had been transported in interstate
3  commerce.

4      56.   Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

5      57.   Plaintiffs pray for judgment for overtime pay in an amount according to
6  proof at the time of trial. This amount is subsumed by the overtime pay claimed in
7  the First Cause of Action.

8      58.   Plaintiffs pray for judgment for liquidated damages in the amount
9  according to proof at the time of trial. This amount is supplemental to the relief
10  requested in all other causes of action.

11     59.   Plaintiffs pray for costs and attorney's fees.

12              **SECOND CAUSE OF ACTION**
13   **FAILURE TO PAY REGULAR AND OVERTIME COMPENSATION**
14  **UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS**
15              **AND CALIFORNIA LABOR CODE**
16              **(AGAINST ALL DEFENDANTS)**

17     60.   Plaintiffs incorporate all previous paragraphs of this Complaint as
18  though fully set forth herein.

19     61.   This cause of action is brought against all Defendants.

20     62.   Pursuant to Industrial Welfare Commission Order No. 16-2001,
21  California Code of Regulations, Title 8, § 1110, for the period of Plaintiff's
22  employment, Defendants were required to compensate Plaintiff for all overtime,
23  which is calculated at one and one-half (1 ½) times the regular rate of pay for hours
24  worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2)
25  times the regular rate of pay for hours worked in excess of twelve (12) hours in a day
26  of hours worked in excess of eight (8) hours on the seventh consecutive work day in
27  a week.

28     63.   Upon information and belief, Defendants have had a consistent policy of

failing to pay Plaintiffs and the Class Members required overtime rates for hours worked in excess of forty (40) hours per week and/or in excess of excess of eight (8) hours per day.

64. Plaintiffs and all Class Members were required to arrive at Defendant's lumber mill location during the Relevant Liability Period, were required to work in excess of forty (40) hours per week and/or in excess of eight (8) hours per day.

65. The amounts due for any missed meal and/or rest periods was never paid to Plaintiffs and Class Members and was also not included in the regular rate of pay on which overtime is due.

66. Pursuant to Labor Code §§ 218.6, 510, 1194, 1199 and California Code of Regulations, Title 8, § 1110, Plaintiffs and Class Members are entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

67. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

WHEREFORE, Plaintiffs and Class Members they seek to represent request relief as described herein and below.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER
### CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS
### AND CALIFORNIA LABOR CODE SECTIONS 226.7 AND 512
### (AGAINST ALL DEFENDANTS)

68. Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

69. This cause of action is brought against all Defendants.

70.     Pursuant to Industrial Welfare Commission Order No. 16-2001, California Code of Regulations, Title 8, § 1110, for the period of Plaintiff's employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

71.     Throughout the Relevant Liability Period, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders 16-2001, at section 10, provides as follows:

> i.  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.
>
> ii. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

72.     Similarly, Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer. Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide the meal periods required by applicable California law, including the Industrial Welfare Commission Wage Orders. Therefore, Plaintiffs and Class Members are entitled to compensation as stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

73.     Pursuant to Labor Code § 512 and California Code of Regulations, Title 8, § 11010, Plaintiffs are entitled to recover one (1) hour of pay at the regular rate of compensation for each workday that the meal period was not provided.

74.     On information and belief, Plaintiffs allege that Class Members did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through rest and meal periods.

1   75.   Plaintiffs and Class Members pray for damages for missed meals in an
2   amount subject to proof at time of trial.

3   76.   WHEREFORE, Plaintiffs and the Class Members they seek to represent
4   request relief as described herein and below.

5   ## FOURTH CAUSE OF ACTION

6   ## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU
7   ## THEREOF UNDER LABOR CODE 226.7

8   77.   Plaintiffs incorporate all previous paragraphs of this Complaint as
9   though fully set forth herein.

10   78.   By failing to provide rest periods for every four (4) hours or major
11   fraction thereof worked per workday by non-exempt employees, and failing to
12   provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants
13   willfully violated the provisions of Labor Code § 226.7 and IWC Wage Order
14   sixteen (16).

15   79.   Plaintiffs and the Class Members they seek to represent did not
16   voluntarily or willfully waive rest periods.

17   80.   On information and belief, Plaintiffs allege that Defendants' failure to
18   maintain accurate records was willful.

19   81.   As a result of the unlawful acts of Defendants, Plaintiffs and Class
20   Members they seek to represent have been deprived of premium wages in amounts to
21   be determined at trial, and are entitled to an accounting and recovery of such
22   amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code §§ 218.5,
23   226.7, 1194 and 1199, and IWC Wage Order 16-2001.

24   82.   WHEREFORE, Plaintiffs and Class Members they seek to represent
25   request relief as described herein and below.

26   ## FIFTH CAUSE OF ACTION

27   ## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED
28   ## UNDER LABOR CODE SECTION 226

-17-

1    (AGAINST ALL DEFENDANTS)

2        83.    Plaintiffs incorporate all previous paragraphs of this Complaint as
3    though fully set forth herein.

4        84.    This cause of action is brought against all Defendants.

5        85.    Pursuant to Labor Code § 226, every employer must furnish each
6    employee an itemized statement of wages and deductions at the time of payment of
7    wages.

8        86.    Section 226(a) of the California Labor Code requires Defendants to
9    itemize in wage statements all deductions from payment of wages and to accurately
10   report total hours worked by Plaintiffs and the Class Members.  On information and
11   belief, Plaintiffs allege that Defendants have knowingly and intentionally failed to
12   comply with Labor Code section 226(a) on each and every wage statement that
13   should have been provided to Plaintiffs and Class Members.

14       87.    Section 1174 of the California Labor Code requires Defendants to
15   maintain and preserve, in a centralized location, among other items, records showing
16   the names and addresses of all employees employed, payroll records showing the
17   hours worked daily by, and the wages paid to, their employees.  On information and
18   belief, Plaintiffs allege that Defendants have knowingly and intentionally failed to
19   comply with Labor Code section 1174.  Defendants' failure to comply with Labor
20   Code section 1174 is unlawful pursuant to Labor Code section 1175.

21       88.    Section 7 of the IWC Wage Orders requires Defendants to maintain
22   time records showing, among other things, when the employee begins and ends each
23   work period, meal periods, split shift intervals, and total daily hours worked in an
24   itemized wage statements, and must show all deductions and reimbursements from
25   payment of wages, and accurately report total hours worked by Plaintiffs and the
26   Class Members.  On information and belief, Plaintiffs allege that Defendants have
27   knowingly and intentionally failed to comply with these Wage Orders.

28       89.    Plaintiffs suffered injury from the lack of proper information on the pay

1   stubs provided by Defendants.

2   90.   Plaintiffs suffered injury under this cause of action within a period of
3   one (1) year prior to the initiation of this lawsuit.

4   91.   Pursuant to Labor Code § 226(e) and (g), Plaintiffs pray for judgment
5   against Defendants in an amount subject to proof at trial plus costs and attorney fees.

6   92.   WHEREFORE, Plaintiffs and each Class they seek to represent request
7   relief as described herein and below.

8   ## SIXTH CAUSE OF ACTION

9   ## FAILURE TO REIMBURSE FOR

10  ## BUSINESS EXPENSES LABOR CODE §2802

11  ## (AGAINST ALL DEFENDANTS)

12  93.   Plaintiffs incorporate all previous paragraphs of this Complaint as
13  though fully set forth herein.

14  94.   This cause of action is brought against all Defendants.

15  95.   Pursuant to Labor Code §2802, Defendants are required to reimburse
16  Plaintiffs and other Class Members for business expenses incurred in the direct
17  consequences of their discharge of their duties for Defendants, including expenses
18  associated with the use of their personal tools.

19  96.   Within the four years before the filing of this Complaint and continuing
20  until the present time, Plaintiffs and other Class Members have been required to and
21  incurred expenses for the purchase or rental of equipment, and tools which are
22  necessary to perform their work, and which do not constitute hand tools or
23  equipment customarily required by a trade or craft.   Defendants have failed to
24  reimburse Plaintiffs and other Class Members for the use of their personal tools or
25  for expenses incurred by Plaintiffs and other Class Members for the purchase or
26  rental of such equipment and tools.

27  97.   As a proximate result of the aforementioned violation of Labor Code
28  §2802, Plaintiffs and other Class Members have been damaged in an amount

1  according to proof at time of trial.

2       98.    As a further proximate result of the aforementioned violation of Labor

3  Code §2802, Plaintiff and other Class Members have incurred reasonable attorneys'

4  fees and costs of suit and pursuant to Labor Code §2802(c) are entitled to recovery of

5  all reasonable costs, including but not limited to, attorneys' fees incurred by

6  Plaintiffs to enforce the rights granted by Labor Code §2802.

7       99.    Wherefore, Plaintiffs and the Class Members they seek to represent

8  request relief as described herein and below.

9                      **SEVENTH CAUSE OF ACTION**

10  **WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203**

11                      **(AGAINST ALL DEFENDANTS)**

12      100.   Plaintiffs incorporate all previous paragraphs of this Complaint as

13  though fully set forth herein.

14      101.   This cause of action is brought against all Defendants.

15      102.   Sections 201 and 202 of the California Labor Code require Defendants

16  to pay their employees all wages due within 72 hours of termination of employment.

17  Section 203 of the Labor Code provides that if an employee willfully fails to timely

18  pay such wages the employer must, as a penalty, continue to pay the subject

19  employees' wages until the back wages are paid in full or an action is commenced.

20  The penalty cannot exceed 30 days of wages.

21      103.   Plaintiffs and each Class they seek to represent is entitled to

22  compensation for all forms of wages earned, including, but not limited to, wages

23  earned but not paid, compensation for unprovided rest periods and unprovided meal

24  periods, but to date have not received such compensation, therefore entitling them

25  Labor Code section 203 penalties.

26      104.   More than 30 days have passed since affected Class Members have left

27  Defendants' employ, and on information and belief, they have not received payment

28  pursuant to Labor Code section 203. As a consequence of Defendants' willful

1 | conduct in not paying all earned wages, Plaintiffs and certain Class Members are
2 | entitled to 30 days' wages as a penalty under Labor Code section 203 for Failure to
3 | pay legal wages.

4 |     105.   Plaintiffs and certain class members are also entitled to an additional 30
5 | days' wages as a penalty under Labor Code section 203 for willful failure to pay one
6 | hour's wages in lieu thereof for denied rest and meal periods, together with interest
7 | thereon and attorneys' fees and costs.

8 |     106.   WHEREFORE, Plaintiffs and each Class they seek to represent request
9 | relief as described herein and below.

## EIGHTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

### (AGAINST ALL DEFENDANTS)

14 |     107.   Plaintiffs incorporate all previous paragraphs of this Complaint as
15 | though fully set forth herein.

16 |     108.   This cause of action is brought against all Defendants.

17 |     109.   Plaintiffs bring this action on behalf of themselves and each and all
18 | members of the general public, including Class Members, pursuant to Business and
19 | Professions Code sections 17200 *et seq.* Defendants' conduct alleged below
20 | constitutes false, fraudulent, unlawful, unfair, and deceptive business practices, in
21 | violation of Business & Professions Code sections 17200 *et seq.* Defendant engaged
22 | in unfair competition in violation of the UCL by violating, *inter alia,* each of the
23 | following laws: each of these violations constitutes an independent and separate
24 | violation of the UCL:

25 |     1.   California applicable Wage Orders including Order 16-2001;
26 |     2.   California Labor Code § 1194;
27 |     3.   California Labor Code § 226.7;
28 |     4.   The public policy of the State of California, expressed in Labor

Code §2802 requires employers to exercise due care for the safety of employees and to indemnify employees for all necessary expenditures incurred by the employee in the direct consequence of the employee's discharge of his or her duties for the employer, including business expenses. Further, the public policy of the State of California, as expressed in Labor Code §200 et. seq., and in the Wage Orders promulgated by the Industrial Welfare Commission and enforced by the Division of Labor Standards Enforcement [DLSE] is to regulate the hours worked, and to require payment for all hours worked.; and

5. California Labor Code § 510, which provides in relevant part: Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee, Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee, In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

110. By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

111. By failing to provide adequate meal and/or rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

112. Defendant's course of conduct, acts, and practices in violation of the

California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition. The harm to Plaintiffs and the Class Members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

113. The unlawful and unfair business practices and acts of Defendant, described above, have injured the Class Members in that they were wrongfully denied the payment of earned overtime wages.

114. All such acts as alleged above were and are in violation of the IWC Wage Order 9, as contained in the California Code of Regulations (8 Cal. Code Regs., Title 8, §11090), as well as California Labor Code §§ 450 and 2802 and are in violation of the public policy of the State of California.

115. Pursuant to Business and Professions Code § 17203, as a direct and proximate result of the unfair business practices of Defendants, Plaintiffs, individually, and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiffs and Class Members' remedy includes full restitution of all wages which have been unlawfully withheld from Plaintiffs and the Class Members as a result of the business acts and practices described herein, and an order enjoining Defendants to cease and desist from engaging in the practices described herein.

116. Plaintiffs, on behalf of themselves and the Class Members, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, or eight (8) hours in a day, and double the regular

1 rate of pay for work performed in excess of twelve (12) hours per day.

2    117.   Plaintiffs and Class Members also request any other such legal and
3 equitable relief from Defendant's unlawful and willful conduct as the Court deems
4 just and proper, including injunction prohibiting Defendants from engaging in the
5 unfair, unlawful, and/or fraudulent practices alleged in this Complaint.

6    118.   Defendants are also liable to pay attorneys' fees and other applicable
7 costs pursuant to California Code of Civil Procedure section 1021.5 and other
8 applicable law.  The Plaintiffs, on behalf of themselves and Class members, also seek
9 recovery of attorneys' fees and costs of this action to be paid by TRLC as provided
10 by the UCL and California Labor Code §§ 218, 218.5, 2802, and 1194.

11   119.   WHEREFORE, Plaintiffs and Class Members they seek to represent
12 request relief as described herein and below.

13                    **PRAYER FOR RELIEF**

14 **WHEREFORE**, Plaintiffs on behalf of themselves and all members of the Class,
15 prays for the following relief:

16    1.  That the Court determine that this action may be maintained as a class
17 action;

18    2.  That this action be certified as a class action.

19    3.  That Plaintiffs be appointed the representative of the Class Members;

20    4.  That the attorneys of record for Plaintiffs whose names appear in this
21 Complaint be appointed Class counsel;

22    5.  For compensatory damages, including unpaid wages at overtime rates
23 for all overtime work and unpaid wages for all work for which they were not paid, in
24 an amount according to proof with interest thereon;

25    6.  For such general and special damages as may be appropriate;

26    7.  For pre-judgment interest and post-judgment interest;

27    8.  For the amounts provided for in Labor Code § 226.7,

28       a.  For Attorney's fees and costs of suit, including expert fees pursuant

1      to Ca. Lab. Code §§ 218.5, 1194, 2802, and Calif. Code Civ. Proc.

2      §1021.5;

3      b. For restitution and disgorgement for all unfair business practices

4      against Plaintiffs and Class Members as described in the cause of

5      action under Business & Professions Code §§ 17200 *et seq.* above;

6      c. For permanent injunctive and declaratory relief described in the

7      cause of action under Business & Professions Code §§ 17200 *et seq.*

8      above.

9      d. A declaratory judgment that the practices complained of herein are

10      unlawful under California state law; and

     9. Such other injunctive and equitable relief, and further relief as the

11 Court may deem proper.

12

13 DATED: September 30, 2014        **JOSE GARAY, APLC**

14

15        By:

16        JOSE GARAY, Attorney for Plaintiffs

17        JOSEPH TERRAS, and BOBBY
TYLER, on behalf of themselves and all
others similarly situated

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demands trial of their claims by jury to the extent authorized

3  by law.

4  DATED:  September 30, 2014              **JOSE GARAY, APLC**

5

6                                  By:

7                                  JOSE GARAY, Attorney for Plaintiffs
                                   JOSEPH TERRAS, and BOBBY
8                                  TYLER, on behalf of themselves and all
                                   others similarly situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT