1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH TODD TERRAS, BOBBY              No. 2:14-CV-02277-MCE-CMK
     TYLER and DARREN SHANE
12   PANTER, as individual California
     Residents, on behalf of themselves and
13   all others similarly situated,          **MEMORANDUM AND ORDER**

14                      Plaintiffs,

15          v.

16   TRINITY RIVER LUMBER COMPANY,
     a California corporation,
17
                        Defendant.
18

19

20          Through this class action, Plaintiffs Joseph Todd Terras, Bobby Tyler and Darren

21   Shane Panter ("Plaintiffs") bring claims for violation of the Federal Labor Standards Act

22   ("FLSA"), the California Labor Code, and California's Unfair Competition Law against

23   Defendant Trinity River Lumber Company ("Defendant").  Specifically, Plaintiffs allege

24   that Defendants have failed to pay proper overtime, neglected to provide required rest

25   and meal periods, and have thereby generated inaccurate wage statements.  Presently

26   before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure

27   12(b)(6).[1]  ECF No. 33.  Alternatively, Defendant moves for a more definite statement

28          _____
            [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless

1

1   pursuant to Rule 12(e) and requests that the Court strike Plaintiffs' class action,

2   collective action, and willfulness allegations.  ECF No. 33.  All of Defendant's arguments

3   are directly contradicted, either by allegations in Plaintiffs' Second Amended Complaint

4   ("SAC") or controlling precedent.  Defendant's Motions are therefore DENIED.[2]

5

6                              **BACKGROUND**[3]

7

8        Defendant operates a lumber mill in Weaverville, California, and employed

9   Plaintiffs as non-exempt employees.  Defendant operates the mill from 5:30 AM to

10  approximately 3:00 AM every workday and schedules its employees to work in shifts.

11  Plaintiff Panter and all other non-exempt employees working in and around the mill itself

12  were subject to a "bell system" in which Defendant sounds an alarm to signal the

13  beginning and ending of each meal period and rest period.  Plaintiffs Tyler, Terras, and

14  other non-exempt employees who worked as millwrights and fab shop employees were

15  not subject to the same bell system.[4]

16       Defendant's Employee Handbook ("Handbook") states that "Employees are

17  provided with at least a one-half hour meal period, to be taken approximately in the

18  middle of the workday."  The Handbook does not make an off-duty meal period available

19  to employees within the first 5 hours of a shift, nor does it make a second meal period

20  available when an employee works in excess of ten hours.  According to the SAC, Bell

21  System Employees, including Panter, were often unable to take their first meal periods

22  on time due to the nature and urgency of their work.  They were also unable to take

23  

24  otherwise noted.

25       [2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(g).

26       [3] The following recitation of background facts is taken, sometimes verbatim, from Plaintiffs'
27  Second Amended Complaint (ECF No. 32).

28       [4] The Court will refer to these distinct groups of non-exempt employees as "Bell System Employees" and "Non-Bell System Employees" hereinafter.

1   second meal periods when they worked 10 or more hours in a single day because the

2   bell system did not take the need for a second meal period into account.

3        Plaintiffs also contend that Non-Bell System Employees were regularly denied off-

4   duty meal periods due to work demands. Plaintiffs aver that Non-Bell System Employees

5   were generally not permitted to take their first meal periods until after the sixth hour of

6   their shifts, and they never received a second meal period on ten-plus hour workdays.

7   Despite the fact that non-exempt employees were regularly denied timely meal periods,

8   Plaintiffs claim their supervisors required them to indicate that they had taken timely

9   meal periods on their time cards every day.  Similarly, non-exempt employees were

10  often denied the rest periods mandated by California law.

11       Plaintiffs further allege that Defendant's non-exempt employees were  required to

12  work swing shifts (the period of time between the morning shift and the night shift).  The

13  Handbook mandated a $0.20 premium per hour for employees who worked a swing

14  shift, but, according to Plaintiffs, Defendant's non-exempt employees were never paid

15  this premium nor was the premium accounted for on their wage statements.

16       Plaintiffs also maintain that their overtime hours were illegally computed. Non-

17  exempt employees either received no overtime pay at all, received pay lower than what

18  they were entitled to, or were required to "bank" certain hours by their supervisors so that

19  Defendant could avoid paying them overtime wages.  Finally, plaintiffs claim that non-

20  exempt employees were required to purchase specific, steel-toe work boots at a cost of

21  up to $500.00 but were never reimbursed for this expense.

22       Plaintiffs' SAC alleges eight causes of action for violations of the FLSA, the

23  California Labor Code, and California Business and Professions Code section 17200.

24  Defendant filed a Motion to Dismiss, a Motion to Strike, and a Motion for a More Definite

25  Statement.  Plaintiffs timely opposed these motions, and Defendant filed a timely reply.

26  ///

27  ///

28  ///

3

1

2

**STANDARDS**

3

      **A.**      **Motion to Dismiss**

4

      On a motion to dismiss for failure to state a claim under Federal Rule of Civil

5

Procedure 12(b)(6), all allegations of material fact must be accepted as true and

6

construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins.

7

Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain

8

statement of the claim showing that the pleader is entitled to relief' in order to 'give the

9

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell

10

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

11

47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

12

detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of

13

his entitlement to relief requires more than labels and conclusions, and a formulaic

14

recitation of the elements of a cause of action will not do." Id. (internal citations and

15

quotations omitted). A court is not required to accept as true a "legal conclusion

16

couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

17

Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief

18

above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

19

Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

20

pleading must contain something more than "a statement of facts that merely creates a

21

suspicion [of] a legally cognizable right of action")).

22

      Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

23

assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and

24

quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard

25

to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

26

the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright &

27

Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to

28

relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their

1  claims across the line from conceivable to plausible, their complaint must be dismissed."

2  Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge

3  that actual proof of those facts is improbable, and 'that a recovery is very remote and

4  unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

5       A court granting a motion to dismiss a complaint must then decide whether to

6  grant leave to amend.  Leave to amend should be "freely given" where there is no

7  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

8  to the opposing party by virtue of allowance of the amendment, [or] futility of the

9  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

10  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

11  be considered when deciding whether to grant leave to amend).  Not all of these factors

12  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

13  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

14  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

15  "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

16  Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

17  1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

18  1989) ("Leave need not be granted where the amendment of the complaint . . .

19  constitutes an exercise in futility . . . .")).

20       **B.**    **Motion to Strike**

21       Rule 12(f) enables a court to strike "from any pleading . . . any redundant,

22  immaterial, impertinent, or scandalous matter."  Courts treat motions to strike with

23  disfavor.  Mag Instrument, Inc. v. JS Producs, Inc., 595 F. Supp. 2d 1102, 1106.  The

24  purpose of a motion to strike is "to avoid the expenditure of time and money that must

25  arise from litigating spurious issues by dispensing with those issues prior to trial."

26  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  A court may

27  grant a motion to strike if "it is clear that the matter to be stricken could have no possible

28  ///

1  bearing on the subject matter of the litigation.  LeDuc v. Kentucky Central Life Ins. Co.,

2  814 F. Supp. 820, 830 (N.D. Cal. 1992).

3         **C.**     **Motion for More Definite Statement**

4       A motion for more definite statement pursuant to Rule 12(e) attacks "the

5  unintelligibility of the complaint, not simply the mere lack of detail . . . ."  Neveau v. City

6  of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  Courts will deny the motion if

7  the complaint is specific enough to give notice to the defendants of the substance of the

8  claim asserted.  Id.  A Rule 12(e) motion should be granted only if the complaint is "so

9  vague or ambiguous that the opposing party cannot respond, even with a simple denial,

10  in good faith or without prejudice to himself."  Cellars v. Pac. Coast Packaging, Inc., 189

11  F.R.D. 575, 578 (N.D. Cal. 1999); see also Bautista v. L.A. Cnty., 216 F.3d 837, 843 n.1

12  (9th Cir. 2000) (Reinhardt, J., concurring) (party can move for more definite statement on

13  those rare occasions where a complaint is so vague or ambiguous that party cannot

14  reasonably frame a responsive pleading).

15       "Rule 12(e) is designed to strike an unintelligibility rather than want of detail.... A

16  motion for a more definite statement should not be used to test an opponent's case by

17  requiring him to allege certain facts or retreat from his allegations."  Neveu, 392 F. Supp.

18  2d at 1169 (quoting Palm Springs Med. Clinic, Inc. v. Desert Hosp., 628 F. Supp. 454,

19  464-65 (C.D. Cal. 1986).  If the facts sought by a motion for a more definite statement

20  are obtainable by discovery, the motion should be denied.  See McHenry v. Renne,

21  84 F.3d 1172, 1176 (9th Cir. 1996); Neveau, 392 F. Supp. 2d at 1169-70; Sagan v.

22  Apple Computer, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).  "This liberal standard of

23  pleading is consistent with [Rule] 8(a)(2) which allows pleadings that contain a 'short and

24  plain statement of the claim.'  Both rules assume that the parties will familiarize

25  themselves with the claims and ultimate facts through the discovery process."  Neveu,

26  392 F. Supp. 2d at 1169 (citing Sagan, 874 F. Supp. at 1077 ("Motions for a more

27  definite statement are viewed with disfavor and are rarely granted because of the

28  minimal pleading requirements of the Federal Rules.")).

1

**ANALYSIS**

2

3      Defendant's Motion to Dismiss asserts that all of Plaintiffs' claims are factually

4  deficient and must be dismissed pursuant to Rule 12(b)(6).  Alternatively, Defendant

5  asks the Court to strike the collective action, class action, and willfulness allegations

6  contained in the SAC.  Defendant also requests an order requiring Plaintiffs to file a

7  more definite statement.  The Court addresses each of Defendant's arguments in turn.

8      **A.    Motion to Dismiss**

9           **1.    Collective and class action allegations**

10      Defendant argues that the SAC must be dismissed because it does not explain

11  how Plaintiffs are similarly situated to all of the other employees encompassed in the

12  putative class.  Specifically, Defendant contends that Plaintiffs have defined their class

13  as consisting of "hourly, non-exempt, non-unionized employees" and that this definition

14  could encompass employees who are not similarly situated to Plaintiffs, such as clerical

15  workers.[5]  Defendant argues further that Plaintiffs fail to provide job descriptions or job

16  duties of the unnamed class members and contends that this failure requires dismissal

17  of the entire complaint.

18      The SAC's allegations make it clear that the putative class includes only similarly

19  situated employees.  Plaintiffs define their "Non-Exempt Employees" class as a

20  combination of Bell System Employees and Non-Bell System Employees.  ECF No. 32

21  at ¶ 19.  Bell System Employees are defined in part as employees working in and around

22  Defendant's lumber mill, while Non-Bell System Employees are defined in part as

23  "millwrights" and "fab shop employees."  Id. at ¶¶ 17-18.  Accordingly, there is no danger

24  that Plaintiffs' class action allegations encompass secretaries or bookkeepers.  See ECF

25  No. 34 at 9.  Furthermore, Defendant's argument that the SAC does not contain job

26  ///

27  _____

28      [5] Defendant also argues that a typographical error in the SAC warrants dismissal.  This argument lacks merit and the Court will not address it.

1    descriptions or duties of unnamed class members is directly contradicted by Plaintiffs'

2    general description of class members' job duties in paragraphs 11 and 12 of the SAC.

3         Defendant's arguments against Plaintiffs' collective and class action allegations

4    are therefore unavailing.  Defendant is free to challenge the makeup of the putative class

5    at the class certification stage, but Plaintiff's allegations are more than sufficient to

6    survive a challenge to the pleadings.

7                     **2.    First and Second Causes of Action for failure to pay overtime
                              compensation**

8

9         Defendants assert that Plaintiffs have failed to state a claim for failure to pay

10   overtime compensation under the FLSA and California law because the only allegations

11   that support their First and Second Causes of Action are that they "regularly worked in

12   excess of forty (40) hours per week."  Defendants argue that Plaintiffs must allege why

13   they worked overtime without pay, and how and who knew about it, in order to

14   successfully state a claim.  Citing a case decided by the Eastern District of New York,

15   Defendant also contends that Plaintiffs must estimate the amount of hours worked for

16   which they were not paid in order to state claims for failure to pay overtime

17   compensation.

18        The Ninth Circuit has not determined the level of factual detail required for a

19   plaintiff to state a claim for failure to pay overtime compensation.  This Court, however,

20   has previously dismissed a complaint under Rule 12(b)(6) in which the sole allegation

21   supporting a claim for overtime compensation was that "Plaintiff and class members

22   consistently worked in excess of eight hours in a day, in excess of 12 hours in a day

23   and/or in excess of 40 hours in a week."  Anderson v. Blockbuster Inc., No. 2:10-cv-

24   00158, 2010 WL 1797249 at *2-3 (E.D. Cal. May 4, 2010).

25        Here, Plaintiffs' SAC alleges a significant number of facts in addition to the

26   allegation that Plaintiffs "regularly worked in excess of forty (40) hours per week."

27   Indeed, the SAC states that Panter "banked" approximately 73 hours of work for which

28   he did not receive overtime compensation and that Defendant manipulated Terras' and

1    Tyler's time cards to avoid paying overtime.  ECF No. 32 at ¶¶ 54-57.  The SAC further

2    alleges that Defendant failed to account for overtime due to the variation between

3    Defendant's work weeks and pay periods.  Id. at ¶¶ 59-61. Finally, Plaintiffs allege that

4    their supervisors knew that they were not paid properly for overtime because they

5    instructed Plaintiffs and class members to "bank" hours and manipulated their time cards

6    at the request of Defendant's management.  Id. at ¶¶ 53-57.

7           These detailed allegations go far beyond the conclusory statements of liability that

8    have resulted in dismissal by district courts within the Ninth Circuit.  See, e.g., Anderson,

9    2010 WL 1797249; Weigele v. FedEx Ground Package System, Inc., No. 06-CV-1330,

10   2010 WL 4723673 at *4 (S.D. Cal. Nov. 15, 2010).  Furthermore, Defendant's reliance

11   on DeSilva v. North Shore-Long Island Jewish Health System, Inc. is misplaced.  In that

12   case, the District Court for the Eastern District of New York held that a complaint should,

13   "at least approximately, allege the hours worked for which these wages were not

14   received."  DeSilva v. North Shore-Long Island Jewish Health Sys., Inc., 770 F. Supp. 2d

15   497, 509 (E.D.N.Y. 2011).  As the Ninth Circuit has recognized, it would be unfair to

16   require a plaintiff-employee to approximate the number of overtime hours worked when

17   defendant employers generally control the information needed to make such an

18   approximation and numerous other facts can establish the plausibility of an overtime

19   claim.  Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 645 (9th Cir. 2014).  Under this

20   standard, the SAC contains factual allegations sufficient to state a plausible claim for

21   failure to pay overtime wages.

22                          **3.    Third and Fourth Causes of Action for meal and rest period**
                                **violations**
23

24          Without citing any case law, Defendant argues that Plaintiffs' Third and Fourth

25   Causes of Action for meal and rest period violations are too vague and factually deficient

26   to state a claim.  Defendant observes that "Plaintiffs do not allege why Plaintiffs did not

27   take meal and rest breaks" and that "Plaintiffs do not state when, how often and the

28   approximation of the total number of times that they worked through their meal and rest

1    periods."  Defendant further argues that Plaintiffs' claims for meal and rest period

2    violations are factually deficient because the SAC does not specifically allege who

3    supervised Plaintiffs and the members of the class, and that Plaintiffs must allege

4    whether those supervisors knew about Plaintiffs working through their meal and rest

5    periods.

6        The SAC directly contradicts Defendant's arguments.  For example, the SAC

7    alleges that "Bell System Employees, including Mr. Panter, were unable to take their first

8    meal periods on time several times a month . . . due to the nature and urgency of their

9    work that day."  ECF No. 32 at ¶ 22.  Plaintiffs further allege that Bell System Employees

10   could not take their second meal periods when they worked ten or more hours in a single

11   day because the bell system did not account for a second meal period.  Id. at ¶¶ 24-25.

12   These allegations are sufficient to state a claim for meal and rest period violations.

13       The SAC also contains allegations that permit the Court to infer that Dennis

14   Swanson supervised Defendant's Bell System Employees and that Patrick Solometo

15   supervised Non-Bell System Employees.  ECF No. 32 at ¶¶ 44-45.  Furthermore,

16   California law does not require Plaintiffs to establish knowledge, willfulness, or the

17   impacts of company policy on their inability to take meal and rest periods.  See Brinker

18   Restaurant Corp. v. Superior Court, 53 Cal.4th 1004, 1040 (employer's duty under

19   California Labor Code section 512 is "to provide a meal period to its employees."); Cal.

20   Labor Code § 226.7.  Accordingly, Plaintiffs have stated plausible claims for relief for

21   meal and rest period violations.

22                    **4.      Fifth Cause of Action for failure to itemize wage statements**

23       Defendant makes three arguments in support of their motion to dismiss Plaintiffs'

24   claim for failure to itemize wage statements.  Defendant first asserts that Plaintiffs have

25   failed to allege sufficient facts to show that Defendant's failure to provide accurate wage

26   statements was "knowing and intentional."  Second, Defendant argues that the SAC

27   does not show that Plaintiffs suffered an injury as a result of inaccurate wage

28   statements.  Finally, Defendant contends that Plaintiffs' claim alleging a statutory

                                          10

1 | violation for failure to furnish timely and accurate wage statements is barred by Plaintiffs'

2 | failure to comply with California's Private Attorney General Act ("PAGA").  All of

3 | Defendant's arguments lack merit.

4 | Plaintiffs' factual allegations are more than sufficient to show that Defendant's

5 | failure to provide accurate wage statements was knowing and intentional.  The SAC

6 | sufficiently alleges that Defendant knowingly and willfully failed to pay Plaintiffs and class

7 | members for regular wages, overtime wages, meal period premium pay, and rest period

8 | pay.  ECF No. 32 at ¶¶ 38-40, 44-49, 53-55.  Defendant's knowing failure to pay these

9 | wages leads to the required inference that it knowingly provided Plaintiffs with false

10 | wage statements.

11 | Second, Plaintiffs have easily satisfied their obligation to allege facts sufficient to

12 | establish that they were injured by the inaccurate wage statements.  Labor Code section

13 | 226(e)(2)(B) provides that "[a]n employee is deemed to suffer injury" if the total hours

14 | worked by the employee or the number of hours worked at each hourly rate by the

15 | employee cannot be readily determined from the wage statement.  Plaintiffs allege that

16 | Defendants failed to pay proper overtime wages, manipulated Plaintiffs' time cards, did

17 | not pay meal and rest period premiums, and failed to account for "swing shift" premiums.

18 | Assuming these allegations are true, it follows that an employee could not readily

19 | determine from its wage statement how many total hours he worked or the rate of pay

20 | that should have applied to all hours worked.  Plaintiffs have therefore alleged facts

21 | sufficient to show that they suffered injury pursuant to Labor Code section 226(e)(2)(B).

22 | Finally, Plaintiffs' claim for statutory penalties under Labor Code section 226 does

23 | not require them to comply with the PAGA.  A plaintiff's claim for relief is only subject to

24 | the PAGA if it seeks recovery of a civil penalty.  _Caliber Bodyworks, Inc. v. Superior_

25 | _Court_, 134 Cal.App.4th 365, 378 (Cal. Ct. App. 2005).  Here, Plaintiffs seek only

26 | statutory penalties under Labor Code section 226(e), not civil penalties.  Accordingly,

27 | Plaintiff has stated a valid claim pursuant to Labor Code section 226(e).

28 | ///

1

**5.      Sixth Cause of Action for unreimbursed business expenses**

2    Defendant argues that Plaintiffs' claim for unreimbursed business expenses under

3  California Labor Code section 2802 is factually deficient because Plaintiffs "fail to allege

4  any facts regarding alleged company-wide policies to show when or how often they were

5  required to purchase boots."  Defendant also argues that the SAC does not identify

6  which employees were required to purchase such boots.  Again, the SAC directly

7  contradicts Defendant's arguments.

8    Specifically, Plaintiffs allege that Defendant required its "Non-Exempt Employees

9  to purchase specific, steel-toe boots as a condition of their employment."  ECF No. 32 at

10 ¶ 71.  This allegation is sufficient for the Court to plausibly infer that Defendant had a

11 policy of requiring Plaintiffs to purchase steel-toe boots.  Moreover, "Non-Exempt

12 Employees" is a defined term that applies to all Plaintiffs and all class members.  In light

13 of these specific allegations, Defendant's arguments come dangerously close to frivolity.

14

**6.      Seventh Cause of Action for wages upon termination**

15   Defendant argues that Plaintiffs' claim for wages upon termination is factually

16 deficient because Plaintiffs fail to allege the amount of their unremitted wages.

17 Defendant further argues that Plaintiffs' claim for wages upon termination fails as to the

18 unnamed class members because the SAC does not allege "which non-exempt

19 employees were not paid all of their wages when their employment terminated, when

20 those employees were terminated, when their wages were due, and the amount not

21 paid."  Defendant's arguments are unpersuasive.

22   As detailed above, Plaintiffs have specifically alleged that Defendant refused to

23 pay overtime wages, meal and rest period premiums, and reimbursable business

24 expenses.  Furthermore, the Court has determined that Plaintiffs have plausibly alleged

25 that members of the Non-Exempt Employee class were similarly not paid such wages.

26 Given these allegations, Plaintiffs need only plausibly allege that Defendant willfully

27 refused to pay these unpaid wages.  Plaintiffs have done so.  ECF No. 32 at ¶¶ 193-194.

28 Nothing requires Plaintiffs to allege the amount of wages due to them unless there is a

1  question of whether this Court has jurisdiction over Plaintiffs' claims. Baker v. Chin &

2  Hensolt, Inc., No. CV-09 4168, 2010 WL 147954 at *5 fn. 6 (N.D. Cal. Jan 12, 2010).

3  Defendant has not challenged the Court's jurisdiction over this claim, and provides no

4  support for the proposition that Plaintiffs must make specific allegations about each of

5  the unnamed class members' termination dates in order to survive a Rule 12(b)(6)

6  motion.  Accordingly, Plaintiffs have stated a plausible claim for wages upon termination.

7       **7.**    **Eighth Cause of Action for violations of California Business
8  and Professions Code section 17200**

9       Defendant's argument that the Court should dismiss Plaintiffs' claim under

10  Business and Professions Code section 17200 is premised on the dismissal of Plaintiffs'

11  claims for overtime and missed meal and rest breaks.  Given that the Court has found

12  that the SAC has stated claims for overtime compensation and missed meal and rest

13  breaks, Plaintiffs' claim for violation of Business and Professions Code section 17200

14  states a claim as well.  Accordingly, Defendant's Motion to Dismiss is DENIED in its

15  entirety.

16       **B.**    **Motion For A More Definite Statement**

17       Defendant requests that the Court order Plaintiffs to file a more definite statement

18  pursuant to Rule 12(e) because the SAC is so devoid of factual allegations and

19  explanations of how Defendant purportedly committed the wrongs alleged that it cannot

20  form a responsive pleading.  Defendant's argument is wholly conclusory, and belied by

21  even the most cursory review of the SAC.  Plaintiffs' factual allegations are far from

22  being so vague, ambiguous, or unintelligible that Defendant cannot form a responsive

23  pleading.  See Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal.

24  1999).  Defendant's Motion for a More Definite Statement is accordingly DENIED.

25       **C.**    **Motion to Strike**

26       Defendant's failure to address the relevant standard in its Motion to Strike the

27  SAC's willfulness and class allegations requires its denial.  In order for a Motion to Strike

28  to succeed, the moving party must show that the allegations to be stricken are

13

1    "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. Proc. 12(f).  Defendant

2    has made no such showing.  Instead, Defendant merely regurgitates the arguments it

3    made in seeking dismissal of the SAC under Rule 12(b)(6).  The Court therefore

4    DENIES Defendant's Motion to Strike.

5

6                                          **CONCLUSION**

7

8            For the reasons set forth above, Defendant's Motion to Dismiss, Motion to Strike,

9    and Motion for a More Definite Statement (ECF No. 33) are DENIED.  Defendant must

10   file a responsive pleading not later than fourteen (14) days following the date that this

11   Memorandum and Order is electronically filed.

12           IT IS SO ORDERED.

13   Dated:  November 16, 2015

14

15

16   _____

17   MORRISON C. ENGLAND, JR, CHIEF JUDGE
     UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24

25

26

27

28

                                              14