JOSE R. GARAY (SBN 200494)
**JOSE GARAY, APLC**
25255 Cabot Road, Suite 219
Laguna Hills, CA 92653
T: (949) 208-3400
F: (949) 713-0432
jgaray@garaylaw.com

*Attorney for Plaintiffs Darren Shane Panter, Joseph Todd Terras, Bobby Tyler on behalf of themselves and all others similarly situated*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN SHANE PANTER, JOSEPH TODD TERRAS, and BOBBY TYLER, as individual California residents, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>TRINITY RIVER LUMBER COMPANY, a California corporation;<br><br>Defendant. | Case No.: 2:14-cv-02277-MCE-CMK<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date of Hearing: May 18, 2017<br>Time of Hearing: 2:00 p.m.<br>Courtroom 7, 14th Floor<br>Hon. Morrison C. England<br><br>Complaint Filed: September 30, 2014<br><br>First Amended Complaint Filed: February 11, 2015<br><br>Second Amended Complaint Filed: May 28, 2015 |

-1-

ORDER

Plaintiff's Motion for Preliminary Approval of Class Action Settlement came on for hearing before the Honorable Morrison C. England, Jr. on May 18, 2017, at 2:00 p.m. Having received no opposition or other objection to the Motion, the Court ordered the matter submitted on the briefs in accordance with Eastern District Local Rule 230(g). Having now considered the evidence submitted, and good cause appearing, Plaintiff's Motion (ECF No. 61) is GRANTED, and the Court HEREBY ORDERS THE FOLLOWING:

1. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement dated February 16, 2017, a Notice of Class Action Settlement ("Notice"), Claim Form, and pre-printed, postage paid return envelope were sent to each member of the Class by first-class mail. The Notice informed the class of the terms of the Settlement, their right to receive their proportional share of the Settlement by submitting a valid and timely Claim Form, of their right to request exclusion, of their right to comment upon or object to the Settlement, and of their right to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. As a part of this notice process, 72 Class Members submitted valid and timely claim forms; two Class Members sought to be excluded; no Class Member has stated an intention to appear at the final approval hearing; and no Class Member has objected to the Settlement Agreement.

2. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the response of the Class. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

3. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class

Member and that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

4. The Court finds and determines that the Settlement payments to be paid to participating Class Members ("Authorized Claimants") as provided for by the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the participating Class Members in accordance with the terms of the Settlement.

The Court finds and determines that Geral Swain and Dennis Swanson have timely excluded themselves from the Settlement and are not bound by the Settlement Release, nor will they receive any benefits from the Settlement.

6. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

7. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payments to Participating Class Members in accordance with the Settlement.

8. The Court hereby enters final judgment in this case accordance with the terms of the Settlement, Order Granting Preliminary Approval of Class Action Settlement, and this Order.

9. The Parties are hereby ordered to comply with the terms of the Settlement.

10. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement and the Court's Order Granting Class Representative Payments, Class Counsel Payments and Litigation Expenses, and Administrator Payments.

11. The Court hereby awards Class Counsels' attorneys' fees and litigation costs in the amount of thirty three point three percent (33.3%) of the

Gross Settlement Amount, not to exceed Ninety One Thousand Six Hundred Seventy Dollars ($91,670.00). The Court hereby awards litigation costs of Seven Thousand Dollars ($7,000.00). The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Settlement Amount in accordance with the Settlement.

12. The Court hereby approves an enhancement award to Class Representative Darren Shane Panter in the amount of Twelve Thousand Dollars and No Cents ($12,000.00). The Court hereby approves an enhancement award to Class Representative Joseph Todd Teras in the amount of Twelve Thousand Dollars and No Cents ($12,000.00) as well as reimbursement for lost tools for Five Thousand Dollars ($5,000.00). The Court hereby approves an enhancement award to Class Representative Bobby Tyler in the amount of Twelve Thousand Dollars and No Cents ($12,000.00). The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Settlement Amount in accordance with the Settlement.

13. The Court finds and determines that the fees and expenses of Phoenix Settlement Administrators in administering the Settlement, in the amount of Eleven Thousand Dollars and No Cents ($11,000.00), are fair and reasonable. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Settlement Amount in accordance with the Settlement.

14. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order.

15. Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

16. Pursuant to the Settlement Agreement, within seven (7) days of the "Effective Date," as defined in paragraph 1.17 of the Settlement Agreement, Phoenix Settlement Administrators ("PSA") shall notice Defendant to fund the

Maximum Settlement Amount, or Two Hundred Fifty Thousand Dollars ($275,000.00). Within seven (7) days of receiving that notice, Defendant will wire the funds request by PSA into a Qualified Settlement Fund, or as designated by PSA.

17. Pursuant to the Settlement Agreement, within five (5) days of the after the Defendant wires funds to PSA, PSA shall issue settlement checks to eligible class members. Further, pursuant to the Settlement Agreement, within seven (7) days after the Effective Date, Defendant shall issue checks for payment:

    a. to each named Plaintiff/Class Representative, the Court-Awarded Class Representative Payment;

    b. to Class Counsel, the Court-Awarded Class Counsel Fee Payment and the Court-Awarded Class Counsel Litigation Expense Payment;

    c. to the responsible tax authorities, the employer's share of payroll taxes resulting from the Settlement;

    d. to the Settlement Administrator, its reasonable fees and expenses as approved by the Court; and

    e. to Plaintiff Terras for Five Thousand Dollars ($5,000.00) as reimbursement for tools.

18. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

19. By means of this Final Approval Order, this Court hereby enters final judgment in this action.

-5-
ORDER

The Court hereby dismisses the Action on the merits with prejudice pursuant to the terms set forth in the Settlement Agreement between the Parties. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement and all order and judgments entered in connection therewith.

IT IS SO ORDERED.

Dated: May 15, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE